# In the United States District Court for the Southern District of Georgia Waycross Division

SEDRIC TYSON,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

CV 524-071

### ORDER

Plaintiff initiated this action in the Superior Court of Coffee County, Georgia, on August 9, 2024. See Dkt. No. 1-1 at 2. On September 20, 2024, Defendant removed the case to this Court. Dkt. No. 1. Then, on September 25, 2024, Defendant timely filed a motion to dismiss the complaint, dkt. no. 7, and a motion for hearing, dkt. no. 9. At that time, Plaintiff's counsel was not admitted to practice in the Southern District of Georgia. As a result, Plaintiff did not file a response to Defendant's motion to dismiss. On November 20, 2025, after Plaintiff's counsel was admitted *pro hac vice*, Plaintiff filed a motion for extension of time to respond to Defendant's motion to dismiss. Dkt. No. 19. On November 25, 2024, while that motion was pending, Plaintiff filed an amended complaint. Dkt. No. 20. The following day, the Court granted Plaintiff's motion for

extension of time, giving Plaintiff through December 20, 2024 to respond to Defendant's motion to dismiss. Dkt. No. 22. For the reasons below, Defendant's motion to dismiss, dkt. no. 7, is **DENIED as moot.**

## LEGAL STANDARD

A party may amend its pleading once as a matter of course "within 21 days after serving it" or, "if a responsive pleading is required, within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f) [of the Federal Rules of Civil Procedure], whichever is earlier." Fed. R. Civ. P. 15(a)(1). An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted); see also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

## DISCUSSION

In this case, the Court extended the time within which Plaintiff could respond to Defendant's motion to dismiss, filed pursuant to Rule 12(b)(6), thereby extending the time within which Plaintiff could amend his complaint under Rule 15(a)(1).

2

Plaintiff's amended complaint supersedes his original complaint. Defendant's motion to dismiss the original complaint, dkt. no. 7, has thus been rendered moot by Plaintiff's filing of his amended complaint. Should Defendant wish to renew its motion with regard to the amended complaint, it is granted leave to do so within the time prescribed by the Federal Rules of Civil Procedure.

## CONCLUSION

Defendant's motion to dismiss the original complaint, dkt. no. 7, as well as its motion for hearing, dkt. no. 9, are **DENIED as moot.**

**SO ORDERED**, this ___ day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA