IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SEDRIC TYSON, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-71 |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**O R D E R**

This case is set for trial starting on February 10, 2026.  Defendant filed a Motion in Limine.  Doc. 44.  Plaintiff filed a Response.  Doc. 55.  Plaintiff filed a Motion in Limine.  Doc. 47.  Defendant filed a Response.  Doc. 54.  For the following reasons, I **DENY** Defendant's Motion in Limine.  I **DENY** Plaintiff's Motion in Limine.

**BACKGROUND**

Plaintiff initially filed suit in Coffee County Superior Court, and Defendant removed the case to this Court.  Doc. 1.  Plaintiff then filed an Amended Complaint.  Plaintiff alleges that he holds an insurance policy with Defendant, insuring his residence against loss.  Doc. 20.  Plaintiff alleges that his residence suffered a loss covered by the policy.  Id. at 3.  Plaintiff asserts a claim for breach of contract, contending that Defendant failed to adequately cover the loss.  Id. at 5, 7.  Plaintiff also asserts a claim bad faith, alleging that Defendant's conduct in refusing coverage was frivolous and "without a reasonable basis."  Id. at 10.

**DISCUSSION**

I. **Defendant's Motion in Limine**

Defendant argues in its Motion in Limine that Plaintiff should be precluded from referring to, entering into evidence, or mentioning six broad categories of information. Doc. 44. First, Defendant argues that Plaintiff should be prohibited from making any reference at trial to "evidence of insurance premiums and policy limits." Defendant argues that Plaintiff's "amount of insurance coverage and the payment of premiums is completely irrelevant to the issues of this case and therefore serve no relevant purpose." Even if the information is relevant, Defendant argues that it would be unfairly prejudicial.

Second, Defendant argues that Plaintiff should be prohibited from referring to its "financial circumstances and assets." Defendant argues this information is also irrelevant to the issues before the jury and would be unfairly prejudicial.

Third, Defendant argues that Plaintiff should be precluded from discussing his "worldly circumstances and inability to pay for medical treatment and/or bills," asserting that this, too, would be irrelevant.

Fourth, Defendant argues that Plaintiff should be precluded from "arguing or inferring that the jury should 'send a message' to the insurance industry." Id. at 4. Defendant argues that this sort of argument is barred under Georgia law. Id.

Fifth, Defendant also argues that Plaintiff should be precluded from "asking jurors to put themselves in Plaintiff's place." Id. at 5. Defendant contends that such argument would also contravene Georgia law. Id.

Sixth, Defendant argues that Plaintiff's counsel should be prohibited from "expressing their personal opinions or beliefs in the veracity of any party or witness," as such argument

2

would be "improper." Id.

Plaintiff, in response, does not oppose Defendant's Motion. Plaintiff agrees that most of the categories of information Defendant references would be inadmissible or improper to raise at trial. Plaintiff states that he would oppose a "blanket exclusion of the insurance policy or relevant policy provisions, as the policy and its terms are central and necessary evidence." Doc. 55 at 1. Plaintiff also states that he would only seek to introduce evidence of Defendant's financial circumstances if Defendant opened the door to such evidence. Id. at 2. Finally, Plaintiff states that he would only seek to introduce evidence of his own "worldly circumstances" to "present otherwise admissible evidence of damages and losses relevant to the issues in the case . . . ." Id.

From the briefing, the parties appear to agree on the scope of admissible evidence and proper argument. Moreover, Defendant largely asks the Court to apply controlling rules and caselaw, which Plaintiff agrees should apply. As such, there does not appear to be any live dispute for the Court to adjudicate, and any issues that arise would be best addressed at trial. Thus, the Court **DENIES** Defendant's Motion in Limine. If Plaintiff seeks to introduce inadmissible evidence or improper argument at trial, Defendant may timely object at that time.

## II.     Plaintiff's Motion in Limine

Plaintiff seeks exclusion of five categories of information. First, Plaintiff asks the Court to exclude any "mention of prior, subsequent, or unrelated insurance." Doc. 47 at 1–2. Plaintiff argues that this would constitute "impermissible character evidence offered to suggest a propensity to file claims" and would be irrelevant and unfairly prejudicial. Id. at 2.

Second, Plaintiff argues that Defendant should be precluded from implying that "Plaintiff exaggerated or falsified" any claim because "[g]eneral insinuations of dishonesty are highly

3

prejudicial and outside the issues properly before the Court." Id.

Third, Plaintiff argues that Defendant should be precluded from providing "any testimony from Defendant's experts not previously disclosed in discovery, or any opinions exceeding the scope of their written reports." Id. Plaintiff also argues Defendant's experts should be barred from testifying about their legal conclusions and policy interpretations. Id. at 2–3.

Fourth, Plaintiff argues that Defendant should be prohibited "from suggesting that a verdict for Plaintiff will increase insurance premiums or negatively affect other policyholders." Id. Plaintiff argues that such argument would be irrelevant and speculative. Id. at 3.

Fifth, Plaintiff argues that Defendant "should be precluded from asserting that any policy exclusion or limitation in coverage exists as it was not specifically pled in their Answer and is now waived." Id.

Defendant only opposes Plaintiff's fourth request: exclusion of any argument that a verdict for Plaintiff will increase premiums or negatively impact other policyholders. Doc. 54 at 2. And there, Defendant merely argues that Plaintiff's cited authority does not support his position. Id. at 2–3. Defendant does not dispute the core argument.

In support of Plaintiff's argument that Defendant should be precluded from introducing argument about premiums or impacts on other policyholders, Plaintiff cites O.C.G.A. § 24-4-403 and Lawhorne v. Douglas, 903 S.E.2d 316 (Ga. App. 2024). Doc. 47 at 3. Defendant argues that Lawhorne concerned a trial court's cautionary charge to the jury and is therefore not applicable here. Doc. 54 at 2. Regardless of Lawhorne's holding, however, Defendant does not contest Plaintiff's core argument: that information about premiums and impacts on other policyholders would be irrelevant in this case. Therefore, this issue does not appear to present a genuine dispute.

4

Defendant largely does not oppose the remainder of Plaintiff's Motion. Defendant equivocally states that it opposes Plaintiff's Motion "to the extent that [P]laintiff seeks to preclude State Farm and its counsel from pointing out any false or inconsistent testimony given by [P]laintiff." Id. at 1. Defendant also conditionally opposes Plaintiff's Motion to preclude argument about policy exclusions or limitations in coverage "in the event plaintiff makes additional allegations at trial which could give rise to an issue concerning policy exclusions." Id. at 3. These conditional arguments do not present a live dispute. Plaintiff's arguments are best addressed in the context of trial. The Court **DENIES** Plaintiff's Motion in Limine. Plaintiff is free to timely object to excludable evidence or impermissible argument at trial.

## CONCLUSION

Based on the foregoing, the Court **DENIES** each party's Motion. Docs. 44, 47.

**SO ORDERED**, this 30th day of January, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA